WILLS—CONSTRUCTION—INCOME.
    A testator devised to his widow the income of his entire estate for life. His executors permitted his surviving partner to continue the business for two years and five months. *Held*, that the profit on testator's interest in the partnership over and above its value as appraised at the time of his death is income belonging to the widow.

In the matter of the judicial settlement of the account of William T. Rogers, executor of Daniel McCollum. Motion to confirm referee's report granted.

C. & T. Perry (Albert G. McDonald, of counsel), for executor.
James McLaughlin, for contestant.
Timothy J. Kirwin and Thomas F. Magner, for Anna Monahan.
John A. Clarry, special guardian, for McCallister, infant.
Charles O. Grim, referee.

CHURCH, S. This is a motion to confirm a referee's report made upon a hearing of objections to the final account of an executor. The referee herein has evidently given to this case very careful attention, and in support of his report has written an opinion which shows a very careful study of both the facts and law covering the matter, and, in my judgment, his report should be confirmed. The question involved in the confirmation of this report is mainly a question of law, and arises upon the following facts: By the will of the deceased he gave the income of his entire property, real and personal, to his wife, Elizabeth, during her natural life, and upon his wife's death, after making certain minor bequests to some grandchildren, all of the residue of his estate was given to his six children. A simple power of sale of his real estate was given to his executors, but no trust as to the real estate was created by the will in any way. The testator named his widow, Elizabeth, and his son-in-law, William T. Rogers, executors of such will. The

testator at the time of his death was conducting a coal business, in copartnership with his two nephews, and in the inventory of personal estate, which was duly made by the appraisers, "the testator's interest in the firm of Daniel McCollum & Co. was appraised at $40,395.93." After the testator's death the executors did not require the surviving partners to immediately pay this appraised value, but allowed the partners to continue the business for a period of two years and five months, at which time a final settlement and adjustment was had between the executors and the surviving partners, in which the surviving partners paid to the executors the full appraised value of the interest of said testator in such copartnership. At the time of this settlement it appeared that during the continuance of the business by the surviving partners, previous to making this payment to the executors, the interest of the testator in such business had made a profit of $20,752.25, and this income or profit was also paid to the executors. The executors at once drew a check paying this latter sum to the widow of the testator, treating the same as an income of the estate to which she was entitled under the will. The widow, Elizabeth McCollum, has since died. Two of the remainder-men object to this payment by the executors, and contend that this should be treated as an increase in the estate, and that the widow was not entitled to any portion of the same. It has been decided that where a devise is made of the income of any estate the income is to be reckoned as commencing immediately upon the testator's death. In re Slocum, 60 App. Div. 438, 69 N. Y. Supp. 1036, affirmed in 169 N. Y. 153, 62 N. E. 130. In making this provision in favor of the widow, the testator must be presumed to have had this intention in mind, and to have, therefore, intended that immediately upon his death his widow would have means of support, and, in considering the respective rights of the life tenant, and the remainder-men, the intent of the testator is to be given paramount effect. Where the income of property is given to a life tenant, it is immaterial whether such income is in the nature of rents, ordinary interest on money, or profits from some particular or special enterprise; the life-tenant is, nevertheless, entitled to the same. See Cent. Dict. definition of income. The counsel for the remainder-men contesting this account has objected very strongly to this payment, quoting the familiar principle that where executors speculated with a fund they are not allowed to derive the profit therefrom. The correctness of their proposition of law, and the necessity of the strict upholding of same, is not disputed, but, as I view the matter, it has no application to the circumstances of the present case. In the first place it is to be noted: The two executors did not take any of the funds of the estate and invest it in any speculative business to seek to obtain the profits thereof. Even if this business had not been a copartnership, and the executors had, in their judgment, carried it on until they could dispose of the same, and then pay the profits to the life tenant, I doubt if this principle would apply, unless there were special circumstances which would make them liable, as the

benefits would not be derived by the trustees, but would go to the life tenant. But that is not the situation of the case at bar. This interest of the testator was in a copartnership. The principle governing the rights of a decedent's representative in copartnership property is well known, and correctly stated in T. Pars. Partn. 344: "The death of a partner invests the surviving partners with the exclusive right of possession and management of the whole partnership property and business, but only for the purpose of selling and closing the same." Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460. Therefore, the executors had no power to carry on this business, or anything to say in the possession or management of it, except that they could require a sale and accounting by the surviving copartners. It is a matter of common business knowledge that time should be allowed to the surviving partners in order to sell out and close the business, and there is not a scintilla of proof showing that the time allowed by these executors was unreasonable or improper. On the contrary the fact that not only has not a dollar of loss accrued to the remaindermen, but that a handsome profit has been made for the life tenant, justifies the wisdom of the executors in not unduly pushing the surviving partners. It appears also that the deceased had suggested to this executor the propriety of continuing this business. The accounting executor has not, directly or indirectly, profited by this arrangement, or attempted to profit by it to the extent of a penny, and his absolute good faith and good intention in the matter cannot be questioned. The inventoried value of this copartnership interest is also in no way assailed. The motion to confirm the report of the referee is granted.

Motion granted.