R. A. 623; Coleman v. Eyre, 45 N. Y. 38; Bailey v. Weed, 36 App. Div. 610, 55 N. Y. Supp. 253; Traphagen v. Burt, 67 N. Y. 30. Upon this theory it was perfectly competent for the plaintiff to show by parol, as she did, that the agreement, Exhibit 4, was made with her, and that it was delivered to her by Donovan prior to the sale of the premises under the judgment of foreclosure. The question of consideration is not free from doubt. If plaintiff agreed, either in writing or by parol, to subordinate her mortgage to that of Donovan or to refrain from bidding on the foreclosure sale in consideration that he should take title as alleged, unquestionably that would be a good consideration. The difficulty arises over the fact that the only consideration expressly pleaded is that plaintiff subrogated the lien of her mortgage to that of Donovan on the faith of his agreement to purchase the property for their joint account at the foreclosure sale. That would have been a sufficient consideration, but there is no evidence tending to establish it. We are of opinion, however, that it may reasonably be inferred from the agreement, as alleged, that plaintiff was to refrain from bidding at the sale. It appears that she did refrain from bidding, and, according to the evidence, the agreement, Exhibit 4, was given to protect her interest under her mortgage on account of the foreclosure of the Donovan mortgage. It would seem, therefore, that the nature of the agreement, made in writing, by Donovan and accepted by the plaintiff, was such that plaintiff could not consistently therewith bid at the foreclosure, and was left to rely upon the agreement for the protection of her interest in the property. We are therefore of the opinion that this presumptively afforded a sufficient consideration.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

(125 App. Div. 358.)

In re WENNER.

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

WILLS—GENERAL LEGACIES—ABATEMENT.

A general legacy is not saved from the operation of Code Civ. Proc. § 2721, providing that, if there are not sufficient assets, then an abatement of the general legacies must be made in equal proportions, because it is a legacy given for the support of testatrix's sister, where it does not also appear that such sister is "otherwise unprovided for."

John M. Kellogg, J., dissenting.

Appeal from Surrogate's Court, Green County.

In the matter of the final judicial settlement of the account of Jacob Wenner, sole executor of the will of Ellen Schmidt, deceased. From a decree of the Surrogate's Court, that, there not being sufficient assets to pay the legacies in full, all the legacies, including a legacy to Jacob Wenner for the care of testatrix's sister, must abate pro rata, Jacob Wenner, individually and as executor and trustee, appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John H. Dugan and George M. Palmer, for appellant.
F. H. Osborn, for respondent.

CHESTER, J.  By the will of the testatrix legacies aggregating $18,900 in amount were given to various persons.  On the accounting, it was found that the balance remaining in the hands of the executor for distribution among the persons entitled thereto, as legatees under the will, was the sum of $12,195.73.  Among such legacies was one of $2,500 to Mary Disenroth, a sister of the testatrix.  By another of such legacies the testatrix gave to Jacob Wenner the sum of $5,000 in trust to be invested by him, and to pay the interest and income arising therefrom "for the care, support and maintenance of my said beloved sister, Mary Disenroth, for and during her natural life," with the remainder to said Jacob Wenner.  Other bequests were made to various persons.  There not being sufficient assets to pay the legacies in full, the surrogate, by the decree appealed from, has held that all the legacies, including that to Jacob Wenner for the care, support, and maintenance of the sister of the testatrix abate pro rata.  The correctness of this determination is the only question presented for our consideration.  Under section 2721 of the Code of Civil Procedure it is provided that, "if there are not sufficient assets, then an abatement of the general legacies must be made in equal proportions."  This is a general legacy within the definition of such a legacy given in the opinion of Haight, J., in Crawford v. McCarthy, 159 N. Y. 518, 54 N. E. 277, where he says:

"A general legacy is a gift of personal property by a last will and testament, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind."

The appellant insists that the legacy of $5,000 is saved from the operation of the provision of the Code referred to because it is a legacy given for the support and maintenance of a near relative.  It is true that the legacy was given for the support and maintenance of a sister of the deceased, but, under the authorities, it is not sufficient, in order to prevent abatement because of insufficiency of assets, that the legacy is for the support and maintenance of a near relative, for it must also appear that such relative is "otherwise unprovided for."  Bliven v. Seymour, 88 N. Y. 469;  Scofield v. Adams, 12 Hun, 370;  Stewart v. Chambers, 2 Sandf. Ch. 382.  There is nothing in this record showing that the sister was unprovided for.  On the other hand, there is given by this will another legacy of $2,500 absolutely to this sister, so to that extent here is evidence that she was otherwise provided for.  The sister was a party to this accounting.  No evidence was given, outside of the will itself, upon the subject.  She has not appealed from the decree of the surrogate holding that all the legacies abate, including the ones for her benefit.  The appeal is by the person entitled to the residue after the trust has ceased, and appears to be prosecuted for his benefit rather than for the benefit of the sister.  There is nothing appearing in the record showing that the sister was dependent upon the testatrix for support, nor that the moneys

left in trust for her support and maintenance were necessary for that purpose. Under the circumstances presented here, there appears no reason for disturbing the decree of the surrogate.

The decree should be affirmed, with costs.

Decree affirmed with costs to respondents payable out of the estate. All concur, except KELLOGG, J., who dissents.

JOHN M. KELLOGG, J. (dissenting). In Scofield v. Adams, 12 Hun, 366, after giving the husband certain furniture, the will provided for the payment to him "for his comfort and benefit" the income of $5,-000 during life, with a right to use parts of the principal therefor, and this provision was held not to abate with the other legacies. In that record there was nothing to show whether the husband had other means of support or not. The decision rested solely upon the terms of the will. Here the trustee is to invest $5,000 and use the interest "for the care, support, and maintenance of my said beloved sister." The testatrix recognized the necessity of a provision for the support of the sister and the propriety of having that support handed out to her from time to time by a trustee. The bare fact that the will contains a general legacy of $2,500 to this same beneficiary does not show that she is otherwise provided for in a manner which will affect her rights under this provision of the will. The deficiency in the estate, by the surrogate's decree, has cut that provision down to $1,674.40, and, if this $5,000 is held not to abate, she will receive but about one-half the legacy. It cannot, therefore, be said that her support and maintenance for life is otherwise provided for. If she had other means, or her age and condition was such that the $2,500, diminished as suggested, is a sufficient provision for her support and maintenance, that fact should have appeared from the evidence. The testatrix had the right to dispose of her property in her own way, and knew the circumstances and condition of her sister, and it must be assumed, she having made the provision for her support and maintenance, that she deemed it a reasonable and proper provision for that purpose, and we should so treat it until facts are proven which establish to the contrary. I therefore think that the $5,000 legacy in the hands of the trustee does not abate during the lifetime of the sister, and that the decree in that respect is erroneous.

But it is manifest that the gift of that sum to the executor and his family after the death of the sister abates with the other legacies. It was unnecessary for the sister to appeal as the fund is in the hands of a trustee of an express trust for her, and he has appealed, and upon that appeal her rights and the rights of all concerned must be protected. It is not known how long she will live, and it is possible that she would receive more under the surrogate's decree than she would under the construction here given to the will; but it is immaterial whether she or the estate will be benefited. The executor and trustee represents all the interests, and it is his duty to see that the estate is administered according to the intent of the testatrix as appears from her will. The executor and trustee therefore properly appeals, and the silence of the sister cannot affect his duties or the interests of the other parties in this estate.

The decree, therefore, should be modified by directing that during the lifetime of the sister the $5,000 legacy shall not abate, but that said $5,000 shall be invested for her benefit, and after the death of the sister, the other legatees, or any of them, may make an application to the surrogate for such part of said $5,000 as they may be entitled to, the legacy being treated as a general legacy after her death, and, as thus modified, the decree is affirmed, with costs to the appellant to be paid from the estate.