Catherine F. Morss and Frederick B. Allen, Executors and Trustees of John B. Morss, Deceased, Plaintiffs, *v.* George B. Morss and Catherine F. Morss, Defendants.

(Supreme Court, New York Special Term, December, 1913.)

Wills — construction of — intent of testator — to be gathered from whole will.

By the first paragraph of the will of a testator, whose estate consisted entirely of personal property of the approximate value of $150,000, his wife was given one-third of the income thereof during her life. By the second paragraph he gave all his property to his son except the portion given to his widow. By the third paragraph testator appointed guardians to administer the estate during the minority of the son and constituted said guardians trustees to carry into effect the provisions of the will until the son attained the age of twenty-eight years. The fourth paragraph provided: " On my son attaining the age of twenty-one he shall receive out of my estate $10,000 as a start in business life and shall receive two-thirds of the income of my estate, and so soon after attaining the age of twenty-eight years as he shall assure by adequate security to my wife her one-third of the income of my estate my son shall receive all the rest of my property and its increase." In an action for the construction of the will, held:

That it was the intention of testator to secure to his wife one-third of the income on all his property during her life and that the direction in the fourth paragraph whereby his son was to receive the amount therein specified on attaining majority and also to receive two-thirds of the income did not reduce the income to be paid to the widow, which was a variable quantity

only in so far as the earning power of the estate increased or decreased.

Neither the rule that when two clauses of a will are so irreconcilable that they cannot stand together the one that is posterior in position shall be considered as indicating a subsequent intention and prevail unless the general scope of the will leads to a contrary conclusion, nor the other rule that if there is no doubt as to the meaning of the earlier clause, while there is doubt as to the meaning of the later, so that either of two constructions is possible, that construction will be adopted which will give effect to both, is applicable, and even if they were they would be subservient to the general rule that the intent of testator is to be gathered from the whole will.

Action for the construction of a will.

Wm. B. Aitkin, for executors.

David B. Simpson, for Geo. B. Morss.

Arthur McCausland, for Catherine E. Morss.

Blanchard, J.    This is an action. brought for the construction of the last will and testament of John B. Morss, deceased.    In the first paragraph deceased provides:    " I bequeath and devise to my wife, Catherine F. Morss, one-third of the income of all my property, real and personal, during her life."    In the second paragraph he gives all his property to his son, George B. Morss, " save and except that in paragraph one of the will I reserve to my wife one-third of the income therefrom during her life."    In the third paragraph the testator appoints guardians to administer the estate during the minority of the above-mentioned George B. Morss, and further constitutes said guardians trustees " to carry into effect the provisions of this will until my son, George B. Morss, attains the

age of twenty-eight years.''     The fourth paragraph, which is the cause of this litigation, reads:  '' On my son attaining the age of twenty-one he shall receive out of my estate $10,000 as a start in business life and shall receive two-thirds of· the income of my estate, and so soon after attaining the age of twenty-eight years as he shall assure by adequate security to my wife her one-third of the income of my estate my son shall receive all the rest of my property and its increase.'' As the son is now of age and entitled to $10,000, as provided for in the fourth paragraph of the will, the question arises whether such payment should reduce by that amount the principal from which the widow is to receive her income during the remainder of her life. The estate, which for all practical purposes consists entirely of personalty, closely approximates $150,000. The income derived therefrom, as appears by the record, amounts to approximately $6,000, of which the son has been receiving $4,000 and the mother $2,000.   The payment of $10,000 will reduce the estate to $140,000· and the income to $5,600.   It is claimed by the son that the only way in which effect can be given to every part of the will is to reduce the decedent's estate by $10,000 upon payment of that amount to the son, and to base all future payments of income to mother and son upon the principal as thus reduced.   I do not agree with this conclusion.   A careful reading of the will has convinced me that it was the intention of the testator to secure to his wife one-third of the income on all his property during her life.   In other words, he desired to give to her a life estate in one-third of his property. This intention is unqualifiedly stated in paragraph one, reiterated in paragraph two, and is again referred to in paragraph four, which is the last disposing thought that found expression in his will.   I find no basis for the contention of the son that the income of the wife men-

tioned at the very end of the will refers to her income as reduced by the $10,000 payment to the son. There is nothing in the language to sustain this view, for the words employed by the testator in paragraphs two and four lead inevitably to the conclusion that they refer to the gift of a life estate as expressed in paragraph one of the will. The son, in support of his claim that the widow's interest is reduced by the fourth clause, relies upon two well-known rules of construction as cited in *Van Nostrand* v. *Moore*, 52 N. Y. 12, and *Adams* v. *Massey*, 184 id. 62, 69. In the first case the court invoked the rule that " when two clauses of a will are irreconcilable so that they cannot stand together the one that is posterior in position shall be considered as indicating a subsequent intention and prevail unless the general scope of the will leads to a contrary conclusion.'' This rule of preference to later clauses does not apply to the case at bar, because the general scope and import of the will does lead to a contrary conclusion, and for the further reason that the clause for which preference is sought is followed by a reiteration of the very gift it is claimed to cut down. The rule in *Adams* v. *Massey*, that: " If there is no doubt as to the meaning of the earlier clause, while there is doubt as to the meaning of the later, so that either of two constructions is possible, that construction will be adopted which will give effect to both,'' is relied upon by the son as being the true principle of construction to be applied in such a case as the one at bar. I fail to see how the construction advocated by him gives any effect to the first provision of the will giving to the wife a life estate in one-third of the property. According to the son's interpretation the gift to the wife in the first clause amounts to an estate for years in one-third of the property to last during the minority of the son, and after that and until she dies

to a life estate in one-third of the property as reduced by the $10,000 payment. Such an interpretation to my mind would be entirely foreign to the intention of the testator. Both rules invoked by the son seem to me, therefore, to be inapplicable, and even if they were in point they would be made subservient to the general rule that the intent of the testator is to be gathered from the whole will. With this general intention of the testator in mind, it follows that the direction in the fourth paragraph whereby the son is to receive $10,000 on his attaining his majority and also to receive two-thirds of the income does not reduce the income to be paid to the widow. Her income is a variable quantity only in so far as the earning power of the estate increases or decreases. The general scheme of the testator as expressed in his will can be given effect, it would seem, upon the theory of the separability of the shares of the mother and son in the hands of the trustees. See *Harrison* v. *Harrison*, 36 N. Y. 543, 547. As stated *supra*, the estate is valued at $150,000 and is at present earning $6,000. Upon the theory suggested, and following the provisions of the will, the widow should have the income on $50,000 (one-third of the estate), namely, $2,000. This she has been receiving and should continue to receive during her life, after which her share shall revert to the general estate. The son should have the income on $100,000 (two-thirds of the estate), namely, $4,000. This he has been receiving and can continue to receive until he is twenty-eight if he so elects, by leaving the $10,000 in the hands of the trustees until such time. If, however, he desires to start in business, he is now of age and entitled to $10,000. This he should receive out of his share, render account to himself of the income therefrom, and receive from the trustees the income on the balance of his share remaining in their hands

Supreme Court, December, 1913.          [Vol. 83.

until he arrives at the age of twenty-eight, at which time the *corpus* of the estate shall be turned over to him, provided, of course, he shall have secured by that time to the widow her one-third of the income of the whole estate.

Judgment accordingly.