In the Matter of the Accounting of GUSTAVE A. NELSON, as Executor of GEORGE E. NEIL, Deceased.

JOSEPH E. MERRIAM, as Special Guardian of FLORENCE NEIL et al., Appellant; JAMES N. FLEMING et al., as Executors of MYRA J. NEIL, Deceased, et al., Respondents.

Will — insufficiency of estate to pay legacies in full — intent of testator — when legacy for children will be paid in preference to others.

1. Where an estate is not sufficient to pay in full all the general legacies bequeathed by will, in the absence of an expressed indication that the testator intended otherwise, all legacies abate *pro rata*. One of the few exceptions to this general rule, however, is that where the legacy is given for the support, maintenance or education of a near relative otherwise unprovided for it will be preferred.

2. To interpret the intent of the testator we may consider the circumstances known to him when the will was made, and we may search the will itself for any language that may give us light.

3. A legacy " for the use and education of my three children " will be preferred over legacies for the benefit of mother, brother and a stranger and will be paid in full where the net estate of testator was less than the amount bequeathed to the children and it clearly appears that testator knew that they would be dependent thereon for their education.

*Matter of Neil*, 205 App. Div. 605, reversed.

(Argued March 31, 1924; decided May 13, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 24, 1923, which reversed a decree of the Westchester County Surrogate's Court settling the accounts of an

executor and remitting the matter to the Surrogate's Court to abate certain legacies.

*Harrison T. Slosson* and *Joseph E. Merriam* for appellant. Legacies for support, maintenance and education of children, not otherwise provided for, do not abate with general legacies. (*Lewin* v. *Lewin,* 2 Ves. Ch. 415; *Stewart* v. *Chambers,* 2 Sandf. Ch. 382; *Petrie* v. *Petrie,* 7 Lans. 90; *Scofield* v. *Adams,* 12 Hun, 366; *Blevin* v. *Seymour,* 88 N. Y. 469; *Matter of Chauncey,* 119 N. Y. 84; *Matter of Carr,* 24 Misc. Rep. 143; *Matter of Wenner,* 125 App. Div. 358; *Matter of Lloyd,* 166 App. Div. 1; *Matter of Schaaf's Will,* 120 Misc. Rep. 292.)

*Daniel S. Remsen* for respondents. The rule is that general legacies abate *pro rata.* To this rule the courts have recognized certain exceptions in the case of general legacies to persons dependent on testator's bounty not otherwise provided for on the theory that the testator must have intended to give a preference. (*Scofield* v. *Adams,* 12 Hun, 370; *Petrie* v. *Petrie,* 7 Lans. 90; *Blower* v. *Morret,* 2 Ves. Sr. 421; *Matter of Neil,* 205 App. Div. 605.) The rule should not be further extended. (*Matter of Hinman,* 32 Misc. Rep. 536; *Bliven* v. *Seymour,* 88 N. Y. 475; *Matter of Chauncey,* 119 N. Y. 84.) The Appellate Division has properly held that the provisions in the settlement agreement for " support and maintenance " of the wife and children include the children's education as well as their support. (*Matter of Neil,* 205 App. Div. 605.)

ANDREWS, J. Where an estate is not sufficient to pay in full all the general legacies bequeathed by will, in the absence of an expressed indication that the testator intended otherwise legacies abate *pro rata.* One of the few exceptions to this general rule, however, is that where the legacy is given for the support, maintenance or education of a near relative otherwise unprovided for it will be preferred. (*Stewart* v. *Chambers,* 2 Sandf.

Ch. 382; *Petrie* v. *Petrie*, 7 Lans. 90; *Bliven* v. *Seymour*, 88 N. Y. 469; *Matter of Wenner*, 125 App. Div. 358; affd., 193 N. Y. 672.) Such we say must have been the intention of the testator. He naturally expects that all legacies will be paid in full. If this becomes impossible he would desire that wife, children, or other near dependents should obtain the support and means of education necessary for their future and which he supposed he had secured to them before mere gifts to others are paid. " Otherwise provided for," therefore, must mean more than a nominal provision or one the testator would regard as plainly insufficient. It is the testator's mind we seek to read. Rightly or wrongly did he think their necessities were already adequately supplied? Or did he believe their income must be supplemented by his legacy to accomplish the purpose he had in mind? To interpret this intent we may consider the circumstances known to him when the will was made, and we may search the will itself for any language that may give us light.

Mr. Neil and his wife had separated. The couple had three young children who lived with the wife. In June, 1916, Mr. and Mrs. Neil executed a separation agreement. By it he agreed to pay her $2,500 annually for her support and maintenance and for that of the children, and he also gave her the life use of a furnished dwelling which would revert to him on her death. To secure the payment of the $2,500 he set up a trust fund of $25,000. If Mrs. Neil died or as soon thereafter as they became twenty-one the principal of this fund was to be paid to the children. If, however, they were not twenty-one when such death occurred the income on the share that would ultimately go to such minor, was, during his or her minority to be paid to Mr. Neil. In return for this agreement, Mrs. Neil promised to support and educate the children. Neither she nor they, however, had any income except what was received from Mr. Neil.

Remaining on good terms as he did with his family

after the separation; visiting them two or three times a week; writing his wife frequently; apparently repenting of the causes that led to the break between them; knowing that he had accustomed them to live in a liberal fashion; earning himself some $193,000 in three years, Mr. Neil seems to have realized that more than $2,500 a year was needed for their proper support. He, therefore, contributed largely to this end in addition to the amount which he had contracted to pay.

A few days after the execution of the separation agreement he made a will. By it he gave general legacies amounting to $120,000. Ten thousand dollars was to a brother; $10,000 to a woman with whom he was living; $50,000 in trust for his mother for life, and $50,000 in trust " for the use and education of my three children, * * * and if the income of the above trust fund is not used for the education of my said children then the same is to accumulate and added to the principal," which is to be paid them when they become twenty-five. A significant clause refers to the $25,000 fund and reflects his thought as to its purpose and result. He says that by it he has amply provided for the needs of his wife during her life. He did contemplate that there might not be enough personally to pay all legacies. In that event they were to be made good from the real estate. The residue of his property he left to his children.

Mr. Neil died in 1917 leaving only personalty. His net estate amounted to less than $50,000. Under these circumstances our conclusion is that the legacy in favor of the children should be first paid in full. With his own statement in the separation agreement that the $2,500 was to be paid " for and towards the better support and maintenance " of the wife and children; with the wife's statement that she receives it for the same purpose; with the provision that if the wife died while they were infants the children would receive no income whatever; with the later statement that the $2,500 is for the support of the

wife reinforced as it is by his allusion to this provision in his will; with the agreement that she shall continue to occupy a somewhat expensive house in Orange; with his knowledge of the modern cost of living, it is not conceivable that he imagined the education of the children was provided for, unless it were done by his will. The promise of the wife that she would out of the $2,500 not only maintain herself but would " support, educate and provide for the proper needs " of the children would hardly persuade a business man that their educational requirements were secured. Clearly they were not. If they were, then any prior provision, however small, however nominal, forces us to conclude that a father arranging for the education of his children by will does not intend that they shall be preferred to strangers should his estate not suffice to pay in full all the objects of his bounty. This is not normal human nature.

The order of the Appellate Division and the last decree of Surrogate's Court should be reversed and the original decree of the Surrogate's Court affirmed, with costs to the special guardian in this court and in the Appellate Division payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Order reversed, etc.