In the Matter of the Estate of CHARLES F. WAIT, Deceased.

Surrogate's Court, Montgomery County, September 25, 1933.

*Jay H. Leonhardt*, for the executrix.

*Charles E. Hardies*, for Alice D. Burt.

*W. Fenton Myers*, special guardian.

Aulisi, S.   Charles F. Wait, a resident of the city of Amsterdam, N. Y., died on September 28, 1932, leaving a last will and testament dated June 17, 1921, duly admitted to probate in this court on October 17, 1932.

Paragraph " third " of the will of the decedent reads as follows: " I give and bequeath to my granddaughter, Dorothy Alstrom, bonds of the par value of $20,000.00 in trust for the following uses and purposes, namely: That she shall collect and receive the interest therefrom and that she shall pay such interest to her mother, Alice D. Burt, my said daughter, for and during the term of the natural life of my said daughter, Alice D. Burt, only." Other legacies given by said will are $5,000 to each of two great-grand-children, $1,000 to an employee and $500 to another employee. It appears in this proceeding that the assets are insufficient to pay these legacies in full. Upon the settlement of the decree, the question arises whether the decree shall direct that all legacies shall abate *pro rata,* or whether the legacy given to Dorothy Alstrom in trust for Alice D. Burt is entitled to be preferred.

The general rule is that general legacies abate *pro rata* where an estate is not sufficient to pay in full all the general legacies bequeathed by the will, *in the absence of an expressed indication* that the testator intended otherwise. There is no positive rule, however, for determining whether a particular legacy is to be paid in full or whether it is to abate, each case depending upon a consideration of all the material provisions of the will and of the extrinsic circumstances, which bear upon the question of interest. And though a general legacy may sometimes have a preference over other general legacies in the same will, it is only in certain recognized cases. Where it is given for the support and maintenance of a near relative, otherwise unprovided for, or for the education of such relative, or where it is in lieu of dower and so may be deemed a purchase price, such general legacy has been granted a preference. (*Bliven* v. *Seymour*, 88 N. Y. 469; *Scofield* v. *Adams*, 12 Hun, 370; *Petrie* v. *Petrie*, 7 Lans. 90; *Stewart* v. *Chambers*, 2 Sandf. Ch. 382; *Blower* v. *Morret*, 2 Ves. Sr. 421.)

No such fact raises the question here.   An examination of the papers on file in this estate discloses that said daughter, Alice D. Burt, is a woman past sixty years of age, married, living with her husband is a far distant State and amply provided for in a financial way.   There is no proof that she has been dependent

upon or received support from testator. The testator knew that his daughter was receiving a substantial income from the estate of her mother. The granddaughter and the two great-grand-children living much nearer to the testator were closer to him. He named his granddaughter executrix of his will. It, therefore, does not appear to me that it was his intention that in the event his estate should be insufficient to pay all legacies in full, the legacy for the benefit of said daughter should be preferred over the legacies to his great-grandchildren, particularly when by making such preference said great-grandchildren will receive no benefits whatever under his will.

To interpret the intent of the testator we may consider the circumstances known to him when the will was made, and we may search the will itself for any language that may give us light. (*Matter of Neil*, 238 N. Y. 138.) Even legacies for support and maintenance are not free from abatement, unless the legatees are otherwise unprovided for. (*Matter of Schaaf*, 120 Misc. 292.) It must appear that the relative is otherwise unprovided for. (*Matter of Wenner*, 125 App. Div. 358; affd., 193 N. Y. 672.)

" Otherwise provided for " does not mean, in every case, that the beneficiary must be otherwise provided for by the testator. If the beneficiary has means of support and maintenance outside of the benefit to be received by the provisions of testator's will, and is not, therefore, dependent upon his bounty for support and maintenance, she is " otherwise provided for " as contemplated by the courts in considering and determining the question of whether the exception to the general rule that general legacies abate *pro rata* exists. In the case at bar the legacy to the daughter is not a legacy for support and maintenance of a near relative; is not stated to be for such purpose and clearly was not understood by testator to be necessary or intended therefor; there is no expressed indication that testator intended such legacy to be preferred for any reason; the beneficiary is otherwise amply provided for and accordingly not dependent upon the bounty of testator for support, maintenance or education. Therefore, none of the exceptions to the general rule that general legacies abate *pro rata* exist.

Another question raised in this proceeding is from what date interest should be paid on the several legacies. By statute general legacies are not payable until seven months from the issuing of letters testamentary, or earlier completion of advertisement for creditors, and they do not draw interest until that time.

Inasmuch as under section 258 of the Surrogate's Court Act a proceeding for compulsory judicial settlement cannot be begun until fifteen days after the time in which to present claims has

expired, that time would be a fair date to fix, in ordinary cases, for the beginning of interest on general legacies. A beneficiary is entitled to interest on a legacy left for his use from the date of testator's death, where it appears clearly to have been the intent of the testator that the legacies should be paid by a transfer of bonds and mortgages bearing interest at the time of his death. (*Cooke* v. *Meeker*, 36 N. Y. 15.) A gift of the income of an estate gives the income from the testator's death. (*Matter of Slocum*, 60 App. Div. 438.) There are abundant authorities, therefore, to sustain the doctrine that when a sum is left in trust with a direction that interest and income should be applied to the use of a person, such person is entitled to the interest thereon from the date of testator's death. (*Matter of Stanfield*, 135 N. Y. 292; *Matter of Wood*, 1 Dem. 559; *Matter of Rogers*, 37 Misc. 54; affd., *sub nom. Matter of McCollum*, 80 App. Div. 362.)

I, therefore, hold that the legacy given to Dorothy Alstrom in trust for Alice D. Burt must abate with the other general legacies. I also hold that interest on the distributive shares shall be paid as follows: On the legacy given by paragraph " third " of the will of decedent, from the date of death of the testator, and on the other general legacies from the day following the expiration of seven months after the issue of letters testamentary.

Decree accordingly.