In the Matter of the Estate of DAVID PORTER, Deceased.

Surrogate's Court, Kings County, April 20, 1934.

*Gray & Tomlin,* for the petitioners.

*Coster & McGarey,* for the general guardian of Eloise Erskine Porter.

*Joseph A. Kennedy,* special guardian.

WINGATE, S. Where the estate for distribution is not sufficient to pay the general legacies in full, such legacies shall abate *pro rata.* To this doctrine there are but few exceptions. One is urged as applicable here, namely, that where a legacy is given for the support or maintenance of a near relative, otherwise unprovided for, it will be presumed that the testator intended that payment thereof should be preferred above payment of other general legacies, and that such legacy should not abate. (*Matter of Neil,* 238 N. Y. 138; *Matter of Chauncey,* 119 id. 77; *Bliven* v. *Seymour,* 88 id. 469; *Matter of Wenner,* 125 App. Div. 358; affd., 193 N. Y. 672; *Matter of Lloyd,* 166 App. Div. 1; *Morse* v. *Tilden,* 74 id. 132; *Scofield* v. *Adams,* 12 Hun, 366; *Matter of Wait,* 148 Misc. 920; *Matter of Hardenbergh,* 144 id. 248; *Petrie* v. *Petrie,* 7 Lans. 90; *Stewart* v. *Chambers,* 2 Sandf. Ch. 382.)

By authority consistently declared, a general legatee who would obtain such preference in payment, must, as a condition to success, establish his or her dependency upon the testator for support or maintenance. (*Matter of Wenner, supra*; *Matter of Smallman,* 138 Misc. 889, at p. 910; *Matter of Schaaf,* 120 id. 292; *Matter of McKay,* 5 id. 123; *Williamson* v. *Williamson,* 6 Paige, 298.) There being no evidence of the dependency upon the decedent of his daughter,

Alice Marcia Delahay, the general legacy given to her cannot be preferred.

As to the testator's widow, however, the record discloses sufficient evidence of dependency. From the date of her marriage to testator in April, 1889, until that of his death in November, 1931, she was dependent upon him and now has no means of support aside from the testamentary and other provision made for her by the testator.

Though a general legatee be a near relative of testator, dependent upon him for support and maintenance, no preference will attach in the payment of such legacy unless the legatee is found to be " otherwise unprovided for."

" It is the testator's mind that we seek to read. Rightly or wrongly did he think their necessities were already adequately supplied? Or did he believe their income must be supplemented by his legacy to accomplish the purpose he had in mind? " (*Matter of Neil*, 238 N. Y. 138, at p. 140.)

The inquiry, therefore, with respect to testator's widow is whether she has been otherwise provided for. It then becomes necessary carefully to examine the provisions of the will. The testator, after directing that debts, funeral and testamentary expenses be paid, bequeaths to his wife and to his daughter $50,000 each. In the third paragraph he bequeaths to each of four grandchildren $20,000, to be paid to each one when she is thirty years old, with provision for gift over in event of the death of any such grandchild prior to attaining such age. From the death of the testator until the time for the payment of the legacies to the respective grandchildren, the principal is to be held in trust by his executrices, the income to be applied during the existence of the trust to the use of his wife, or if she dies prior to the termination of the trust, to his daughter, with direction that the trusts shall end and the legacies be payable in any event at the death of the survivor of his wife and daughter. The residue of the estate is given to his widow.

At the date of the execution of the will (September 24, 1928), testator's personal estate was approximately $210,000. His net personal estate at the date of his death was about $150,000; the value for purposes of present distribution is stated to be not more than $130,000. The real estate consists of an unimproved parcel valued at less than $6,000. The present age of the widow is stated to be sixty-five years; the ages of the grandchildren legatees, thirteen, fifteen, fifteen and eighteen years respectively.

The testamentary scheme as thus developed reveals an intention that with the exception of the $50,000 legacy to the daughter, the widow should have the use of the entire net estate during the

reasonably to be anticipated duration of her life. This was to be accomplished by an outright legacy of $50,000, and a gift of the residue. In addition thereto, the widow was to receive the income from the trust created in the third paragraph. It is true that the trust corpus, and consequently the income therefrom, will be successively diminished as each nominated grandchild reaches the age of thirty years or sooner dies, but, in reasonable expectation, the first such diminution will not occur until twelve years hence, and subsequently at intervals at which it is but reasonable to assume the material necessities of the widow will also be less.

In addition to the above-mentioned benefits, the widow, upon the death of the testator, received $21,000, the proceeds of policies of insurance upon his life wherein she was the named beneficiary.

In the opinion of the court, the testator herein believed that the necessities of the widow were adequately provided for by him by means other than the general legacy of $50,000. The proceeds of the insurance policies, amounting to $21,000, and the income payable in the manner above described upon a trust fund declared as of $80,000, and which under the present decision will approximate $58,000, constituted such other provision within the decisions as conclusively to negative a presumption of a preference attaching to the general legacy to the widow.

Proceed accordingly.