**864**

In the Matter of the Submission to Arbitration of the Differences Existing between Robert Flood, Respondent, and The Federal Land Bank of Springfield, Appellant.— Defendant has appealed from an order of the Schuyler Special Term of the Supreme Court confirming the report of arbitrators and directing judgment in favor of plaintiff. On May 6, 1936, defendant leased to plaintiff a farm in Schuyler county at a rental of $400. The lease provided for a $100 credit upon the completion by plaintiff of certain work including tillage of peach orchards, filling in the necessary gullies to permit tillage, gassing peach trees and seeding sixteen acres of land. Defendant reserved the right to sell the farm in which event plaintiff agreed to vacate. In that event it was provided that if the parties were unable to adjust their differences three arbiters were to be selected and the parties agreed to abide by their determination. Defendant sold the farm in June and plaintiff received a notice to vacate. The parties were unable to agree on the amount due plaintiff for his labor and the loss of his fruit crop. The differences were submitted to three arbiters, who awarded plaintiff the sum of $2,182.80. The Special Term confirmed the award. Defendant applied to the court to vacate the arbitration proceedings claiming that the lease should be declared void because, as defendant contended, plaintiff never intended to fulfill its terms. In effect defendant seeks by a cross-motion to rescind the lease. It brought no action to rescind. The Special Term held that plaintiff fully complied with all the provisions of the lease and that there was no intent on his part not to perform the same. The proof sustains the order and judgment of the Special Term and they should be affirmed, with costs. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Final Judicial Settlement of the Accounts of Victor Smith, as Executor, etc., of Fannie C. Mott, Deceased.— Appeal from a decree of the Greene County Surrogate's Court. The will gave general legacies amounting to more than fifty-five hundred dollars. The funds of the estate applicable to those legacies was less than thirty-two hundred dollars. The decree directed a *pro rata* abatement. The appellant, an adopted daughter of testatrix, appeals asserting that she and her daughter should be preferred over other general legatees. Under the authorities (*Matter of Neil*, 238 N. Y. 138), as applied to the facts here present, a *pro rata* abatement was proper. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

Edgar S. Knox, Trustee, Appellant, v. Samuel Cohen, Defendant, and Sally Cohn, Respondent.— Orders reversed on the law and facts, with ten dollars costs and disbursements, and motion to strike from judgment the provision for costs denied, with ten dollars costs, and motion to vacate order for examination of third party in proceedings supplementary to execution denied and the third party, the Albany Savings Bank, is directed to appear for examination before the referee at the place designated on the 1st day of February, 1938, at ten o'clock in the forenoon. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.