In the Matter of the Estate of DAVID ISRAEL, Deceased.

Surrogate's Court, New York County, May 14, 1941.

*Strauss & Abrahams* [*Jerome A. Strauss* of counsel], for Samuel S. Isaacs, Esther Arbetter and Lester Wolfe, as executors, etc.

*Murray L. Jacobs*, for Fannie Osborne, as executrix, etc.

*Glass & Lynch* [*Leslie Kirsch* and *Thomas H. McManus* of counsel], for the Sterling National Bank and Trust Company of New York, as administrator c. t. a. and trustee.

*Irving L. Levey* [*Mortimer J. Goodstein* of counsel], for Lester L. Jones and others, objectants.

*William A. Hyman* [*Albert Mannheimer* of counsel], for Irene H. Astroff and others, objectants.

*James Allan Bernson*, for Ruth Jones, objectant.

*Charles A. Cohen*, special guardian of Dorothy Cohen.

*John P. O'Brien*, special guardian of Doris Jones, Dramon Jones and David Arbetter.

FOLEY, S. The prior decision of the surrogate in this proceeding (*Matter of Israel*, 176 Misc. 120) directed a further hearing for the submission of proof upon the question of a preference in abatement of the trusts created for each of the four grandchildren of the testator and the further trust for David Arbetter Israel. The assets remaining in the estate being insufficient to satisfy all of the provisions of the will, the question arose as to whether these trusts were to be accorded a preference on the ground that they were given for the support, maintenance or education of near relatives otherwise unprovided for. (*Matter of Neil*, 238 N. Y. 138; *Matter of*

*Cameron,* 278 id. 352.) In the prior decision the surrogate pointed out that since there was no evidence in the record as to whether the beneficiaries were " otherwise provided for," proof must be submitted upon that issue in order to determine whether or not a preference was intended.

Upon consideration of all of the evidence submitted and upon examination of the provisions of the will, the surrogate holds that none of the trusts is entitled to a preference and that all must abate *pro rata* with the other general legacies.

In *Matter of Neil (supra)* the Court of Appeals stated the tests to be applied to determine whether a preference was intended and whether the beneficiary can be said to be " otherwise provided for." The court said: The testator " naturally expects that all legacies will be paid in full. If this becomes impossible he would desire that wife, children, or other near dependents should obtain the support and means of education necessary for their future and which he supposed he had secured to them before mere gifts to others are paid. ' Otherwise provided for,' therefore, must mean more than a nominal provision or one the testator would regard as plainly insufficient. It is the testator's mind we seek to read. Rightly or wrongly did he think their necessities were already adequately supplied? Or did he believe their income must be supplemented by his legacy to accomplish the purpose he had in mind? " (p. 140). To the same effect, Judge HOLMES wrote, it is " to be remembered that the argument we are considering does not go on any expressed or conjectured actual intent of the testator, but simply on presumption, to prevent the failure to discharge a natural obligation." (*Babbidge* v. *Vittum,* 156 Mass. 38; 30 N. E. 77.)

In the cases where a preference has been allowed under this particular exception to the general rule of equality in abatement, it was established that the beneficiary was dependent upon the testator during his lifetime; that the testamentary gift was reasonably necessary to secure the support, maintenance or education of the beneficiary; and that the gift was intended to be in discharge of a natural or assumed obligation of the testator toward the beneficiary, as distinguished from a mere act of bounty. (*Matter of Neil, supra; Matter of O'Brien,* 170 Misc. 792; affd., 258 App. Div. 1044; affd., 284 N. Y. 604; *Matter of Lloyd,* 166 App. Div. 1; *Matter of Waxman,* 129 Misc. 829; *Matter of Dougherty,* 64 id. 230.) Priority has been denied where the beneficiary was not dependent upon the testator or where he was otherwise provided for. (*Matter of Wenner,* 125 App. Div. 358; affd., 193 N. Y. 672; *Matter of Mott,* 253 App. Div. 864; *Matter of Smallman,* 138 Misc. 889; *Matter of Rae,* 140 id. 530.)

In order to ascertain this presumed intent to prefer, it becomes necessary to consider the surrounding circumstances, including the relationship between the parties, the dependence of the beneficiary upon the testator, the natural or assumed obligation of the testator toward the beneficiary, the purpose of the testator in making the provision, and the necessity of such provision for the support and comfort of the beneficiary.

Tested by these principles, it cannot be said that the testator intended to grant a preference to these beneficiaries, or that he believed their income must be supplemented by his legacy to accomplish any dominant purpose with respect to them. None of the beneficiaries was dependent upon the testator during his lifetime for maintenance or support. The testator never assumed any responsibility for their support and no obligation rested upon him by law.

The trusts for his four grandchildren were not expressly made for their support, maintenance or education. (*Matter of Cameron, supra,* 358.) Moreover, the trustee was directed to accumulate the income until the beneficiary attained the age of twenty-one and to pay over to him or her the principal and accumulations at that time. That provision indicates very clearly that he could not have believed that their income should be supplemented by his legacy to secure either their support or education. (*Matter of Stumpp,* 153 Misc. 92, 104; *Matter of Schaaf,* 120 id. 292.)

The other trust here involved is for the benefit of David Arbetter, who changed his name to David Israel in accordance with the testamentary directions of the decedent. He is described in the will as the " son of my cousin, Esther Arbetter." Although the trust is for his support, maintenance and education, he is neither a near relative nor a dependent. Moreover, it cannot be said that he was otherwise unprovided for. His mother was given a legacy of $100,000 in the will, as well as one-fourth of the residue. She had always provided for the support of her son, and the testator had never assumed any obligation toward him. The legacy to him, therefore, is in the nature of mere bounty, and it is not entitled to a preference. (*Matter of Wenner, supra; Matter of Smallman, supra.*)

As a matter of first impression, the terms of the will might suggest an intention to prefer this beneficiary. When they are more closely analyzed in the light of the applicable rules of law, however, any suggestion of alleged intent to give priority disappears. Indications of actual intent to prefer one gift over all others, as distinguished from the presumed intent discussed above, should be clear and convincing. No such intent is evinced in this will. The

contention that the beneficiary is a quasi-purchaser is likewise without merit for the acceptance of the legacy was not made subject to a condition.

In all cases the testator naturally expects that all of the legacies will be paid in full. Questions in respect of abatement of legacies usually arise because of a shrinkage of the assets between the time of execution of the will and the date of death. In the present case such is not the fact. The testator died less than two months after making the will. The deficiency of assets resulted from maladministration of the assets by the executors. (See *Matter of Israel*, 166 Misc. 156; affd., 256 App. Div. 1063; *Matter of Israel, supra.*)

That part of the report of the referee which held that the five beneficiaries were entitled to priority will be overruled. They are entitled to equality of distribution only.

Tax costs and submit decree settling the account in accordance with this and the prior decision of the surrogate.