In the Matter of the Accounting of KENNÉTH C. COLE, Public Administrator, as Administrator with the Will Annexed de Bonis non of CLARA F. HITCHCOCK, Deceased.

Surrogate's Court, Westchester County, May 12, 1949.

*Silas S. Clark* for administrator, petitioner.

*Robert B. Hamilton* for American Surety Company.

*Howard B. Nichols* and *Lawrence W. Golde* for American Society for the Prevention of Cruelty to Animals.

*Bernard J. Mallen* for Emma Seekamp and others.

*R. Emmet Digney* for Hannah M. Digney, as executrix of James Heavey, deceased.

*Harry Lott,* special guardian.

GRIFFITHS, S.  In this final accounting proceeding the question is presented as to whether a general legacy to a former employee of testatrix is entitled to priority over other general legacies.  By her will dated March 24, 1909, the testatrix made provision for the payment of general legacies in excess of $200,000.  By a codicil to her will the amount of the legacy to such employee was increased from $5,000 to $10,000.  By a subsequent codicil, dated October 17, 1912, the testatrix provided as follows: "Second: I order and direct my Executors to pay to my coachman, James Heavey, the sum of Fifty-five Dollars ($55.00) on the First of each and every month after my decease, until the said James Heavey has been paid the legacy of $10,000.00, as provided in my Will and Codicil thereto dated November 8, 1911; such monthly payment, however not to decrease or to be charged against the said legacy of $10,000."

Decedent died January 9, 1915.  The legatee James Heavey survived the testatrix and died on November 1, 1932.  It is stated that payments at the rate of $55 a month from the death of testatrix to the date of death of said legatee would aggregate approximately $11,715.  No payment has been made on account of either legacy.

Notwithstanding that testatrix made provision for general legacies in excess of $200,000, the account filed herein discloses that the amount available for distribution will aggregate less than $10,000.

The court determines that the provisions of the will fail to disclose an intent that either pecuniary provision for the benefit of the former employee of testatrix is entitled to preferment over other general legacies.  The rule is that if the assets available for the payment of general legacies are insufficient to satisfy all such legacies in full, in the absence of a contrary intent, such legacies abate pro rata.  (*Matter of Cameron,* 278 N. Y. 352; *Matter of Neil,* 238 N. Y. 138; *Matter of O'Brien,* 170 Misc. 792, affd. 258 App. Div. 1044, affd. 284 N. Y. 604; *McGoldrick* v. *Bodkin,* 140 App. Div. 196.)  A legacy is deemed to be preferred (1) if it be for the maintenance of children of the testator; (2) for the support, maintenance or education of other near relatives not otherwise provided for; (3) or if the legacy be given for a valid consideration and the legatee may be regarded as a purchaser.  (*Matter of O'Brien,* 170 Misc. 792, *supra.*)  It is urged in behalf of the legatee that the provisions for postponement of payment of other general legacies is some indication of an intent that the legacy payable at the rate of

$55 monthly after the death of testatrix is entitled to priority of payment over other general legacies. It is noted, however, that the provisions that some general legacies were not to be paid until five years after the death of testatrix, and that other general legacies were not to be paid until the expiration of eight years after her death, were subject to earlier payment upon the written consent of the executors or of the survivor of them. Moreover, it has been held that provisions for the acceleration of the payment of a legacy in advance of the statutory period for administration, or in advance of the time of payment of other bequests do not indicate an intent to give it a preference. (See *Matter of Wolper,* 44 N. Y. S. 2d 312, and authorities cited therein.)

Although the presumption that the testatrix did not intend to prefer one general legatee over another may be overcome by evidence existing outside the will (*Matter of Lloyd,* 166 App. Div. 1) no such proof has been offered. Moreover, the fact that other provision was made in the will for the benefit of such legatee is evidence of an intent that the legacy in question was not to be preferred. (*Matter of Wenner,* 125 App. Div. 358, affd. 193 N. Y. 672.)

Submit decree on notice construing the will accordingly and settling the account as filed.