In the Matter of the Estate of ISIDOR LOEBERBAUM, Deceased.

Surrogate's Court, Kings County, July 6, 1962.

648

*Slavin & Carr* for petitioner. *Unterberg & Unterberg* for respondent.

MAXIMILIAN MOSS, S. In view of the insufficiency of assets to pay all of the legacies provided by testator, several questions require determination. One of the executors accordingly seeks a construction of testator's will.

Testator died July 26, 1959. His will dated December 20, 1957 and a codicil dated January 19, 1959 were admitted to probate in this court on August 25, 1959 and letters testamentary were issued to petitioner and the other executors named in the will. The testator left him surviving his widow and nine children all of whom are of full age. Petitioner and respondent, Lorberbaum Foundation, Inc., have stipulated that the figures set forth in the Federal estate tax return are conceded to be correct for the purpose of this proceeding.

Testator's will provides as follows: Under paragraph "FIRST", testator bequeathed to Lorberbaum Foundation, Inc., $100,000 to be used for charitable, religious, scientific and educational purposes. Under paragraph "SECOND", a bequest of $500 each is made to named grandnieces and a grandnephew, and $1,000 is provided for a nephew. In paragraph "THIRD", testator relieved his children, grandchildren and their spouses from any debts owed to him. In paragraph "FOURTH", testator bequeathed certain shares of stock together with any claims against a realty corporation to his son Murray and his daughter Ruth. Paragraph "FIFTH" was revoked by testator's codicil and requires no consideration. In paragraph "SEVENTH", testator directed that "all inheritance, legacy, succession and estate taxes and duties of every kind, * * * which shall be payable in respect of any property constituting a part of my gross taxable estate, * * * shall be borne by my residuary estate * * * and shall be paid by my executors as part of the *administration expenses* of my estate and shall not be apportioned."

(Emphasis supplied.) The residuary legatees are testator's nine children named in paragraph " EIGHTH " of the will.

Paragraph " SIXTH " of testator's will appears to be the key to the testamentary plan intended by him. The pertinent portions thereof read as follows:

" SIXTH (a): I give, devise and bequeath to my wife MINNIE LORBERBAUM, if she survives me, a portion of my estate, computed in accordance with the following formula:

" (i) There shall first be ascertained the value of my gross estate (including property not administered in my estate) for the purpose of the Federal estate tax.

" (ii) There shall be deducted from such value the amount of all funeral expenses, *administration expenses*, claims against my estate * * * or any indebtedness in respect of property * * *; but there shall not be deducted any inheritance, legacy succession or estate taxes or duties referred to in paragraph SEVENTH of my Will. (Emphasis supplied.)

" (iii) The difference so computed shall be divided by two.

" (iv) There shall be deducted from the quotient the value, to the extent includible in my gross estate for the purpose of the Federal estate tax, of any interest in property not administered in my estate if such interest is deemed to pass or to have passed from me to my wife for the purpose of 'marital deduction' as defined by the Federal estate tax law. The amount so determined shall be paid to my wife * * *. (Quotes in original text of will.)

" (v) My Executors shall determine within their discretion the specific properties to be distributed, except that such property shall in no event consist of any *terminable interest which cannot qualify for the marital deduction* under the Federal estate tax law." (Emphasis supplied.)

Petitioner's main contentions are as follows: (1) the widow's legacy should be accorded first priority and be fully paid free of any tax apportionment; (2) the specific legacies for testator's children should abate proportionately to the extent of any deficit and the full estate taxes should be apportioned pro rata amongst them; and (3) the general legacies should fully abate.

Respondent charity contends (1) that the specific bequests to testator's children under paragraphs " THIRD " and " FOURTH " should be preferred over the widow's bequest; (2) that the balance available for the cash legacies should be shared pro rata by the widow, respondent and the named relatives, so as to abate partially; and (3) that the charitable bequest to respondent which does not fully abate shall be exempt from all estate taxes.

The language of testator's will points inescapably to the fact that he was aware of the tax advantages provided under the Internal Revenue Code of 1948. Paragraph "SIXTH" was carefully worded by testator so that his wife would qualify for the "marital deduction" permitted under the Federal estate tax law. Testator refers to the Federal estate tax law and the "marital deduction" several times in his will. Lawyers familiar with the marital deduction provisions of the tax law will immediately recognize the language; for instance, testator among other things directs his executors not to include any property in computing the widow's share that might consist of any "terminable" interest which cannot qualify for the marital deduction under the tax law. Such painstaking language cannot be deemed meaningless. On the contrary, testator's intention to take advantage of the benefits provided by the Tax Law and to prefer the gift made to his widow is further demonstrated by the express direction (par. SIXTH [a]; [ii]) that "there shall not be deducted any inheritance or estate taxes" from her gift. Moreover it is evident that by providing a gift for his widow that would qualify for the marital deduction, testator was cognizant of the fact that the over-all tax savings would inure to the benefit of all the other beneficiaries who share in any part of the estate inasmuch as the taxable estate would thereby be substantially reduced.

Respondent contends that the widow's gift should be placed on a par with other general legacies after payment in full of all the specific legacies. The cases relied upon by respondent were decided prior to the enactment of the Internal Revenue Code. In any event, none of the authorities relied upon deal with the specific issues present in this case and are not controlling.

In construing a will the intention of the testator must be gathered from the instrument as a whole (*Matter of Evans*, 234 N. Y. 42; *Matter of Watson*, 262 N. Y. 284; *Matter of Clark*, 280 N. Y. 155; *Matter of Upjohn*, 304 N. Y. 366; *Matter of Bisconti*, 306 N. Y. 442). When such intention is ascertained it governs irrespective of any canon of construction. The relative position of the various clauses in a will do not control when testator's intent is clearly expressed as in the instant case (*Morss v. Morss*, 83 Misc. 379, 382). Nor does the fact that testator gave his widow property during his lifetime or named her beneficiary of his life insurance affect the application of the marital deduction formula provided under the tax law (*Matter of Neil*, 238 N. Y. 138; *Matter of Inman*, 22 Misc 2d 573). The adoption of respondent's construction would do violence to the testator's testamentary intent and plan.

The court holds that the marital gift provided for testator's widow under paragraph "SIXTH" of the will is entitled to first priority of payment in distribution free of inheritance taxes (*Matter of Mattes,* 12 Misc 2d 502; *Thurber* v. *Chambers,* 66 N. Y. 42; *Moffett* v. *Elmendorf,* 152 N. Y. 475; *Matter of Crouse,* 244 N. Y. 400; *Matter of Shubert,* 10 N Y 2d 461; *Matter of Paine,* 3 N Y 2d 741).

The court further holds that the specific legacies provided by testator for his children under paragraphs "THIRD" and "FOURTH" of the will take priority over the general legacies to the charitable corporation and testator's other relatives (*Matter of Lewis,* 115 N. Y. S. 2d 791, 804). Such legacies to the children shall abate proportionately to the extent of any deficit and shall bear their proportionate share of any estate taxes (*Matter of Halsted,* 174 Misc. 292, affd. 261 App. Div. 892). In the absence of assets to pay in full or in part the general legacies provided under paragraphs "FIRST" and "SECOND" of the will, such general legacies shall abate in whole or in part as the case may be (*Duck* v. *McGrath,* 160 App. Div. 482, affd. 212 N. Y. 600).