In the Matter of the Estate of EDWARD N. LIELL, Deceased.

Surrogate's Court, Bronx County, January 16, 1931.

*Eugene Sherk*, for the executrix.

*Prince, Burlingame & Nourse*, for Mary Douglas Clark and others.

*Bernard E. Perelson*, for Anna Belle Manning.

HENDERSON, S. This is an application for a construction of paragraphs three to nine, inclusive, of the will of the decedent herein. These paragraphs are as follows:

" *Third.* I give and bequeath to Anna B. Liell, widow of my deceased brother, Albert B. Liell, of 326 Putnam Avenue, Brooklyn,

N. Y. eight (8) $1,000.00 bonds of Schieffelin & Company (bearing interest at 7%). Also all silverware, of any character, belonging to me.

"*Fourth.* I give and bequeath to my niece, Anna Belle Liell, daughter of my deceased brother, Albert B. Liell, one (1) $1,000.00 bond of Schieffelin & Company.

"*Fifth.* I give and bequeath to Elizabeth Chapman Douglas, sister of my deceased wife, Annie Douglas Liell, two (2) $1,000.00 bonds of Schieffelin & Company.

"*Sixth.* I give and bequeath to my nephews, Frith Douglas Clark, William L. Clark and Henry Schieffelin Clark, sons of Mary Douglas Clark, each, one (1) $1,000.00 bond of Schieffelin & Company.

"*Seventh.* I give and bequeath to my niece Lida M. Beach, of 88 Smallwood Avenue, Belleville, N. J. one (1) $1,000.00 bond of Schieffelin & Company.

"*Eighth.* I give and bequeath to Mary Douglas Clark of 975 Woodycrest Avenue, New York City (sister of my deceased wife, Annie Douglas Liell) all of the estate remaining, both real and personal, which I have the power to dispose of at my decease, not mentioned in the foregoing clauses, this including bank deposits, furniture, books, paintings, rugs, glass and chinaware, etc.

"*Ninth.* The bonds of Schieffelin & Company are to be given outright to those mentioned in Clauses Third, Fourth, Fifth, Sixth and Seventh."

The question is as to whether the legatees named are entitled to the income received from the Schieffelin & Company bonds accruing after the death of the testator or whether such income or part thereof becomes a part of the residuary estate. The determination of that question depends upon whether the bequests were general legacies or specific legacies. If the legacies are specific, the legatees are entitled to the income from the date of the death of the decedent. If the legacies are demonstrative or general, the income from the date of death to such time as distribution should have been made falls into the residue of the estate. (*Matter of Security Trust Co.,* 221 N. Y. 213, 217.) The decedent owned fifteen $1,000 bonds of Schieffelin & Company at the date of the execution of his will, and he continued to own these fifteen bonds until his death.

The testator's intention as gleaned from his entire will is the determining factor as to whether a legacy is general or specific. (*Matter of Security Trust Co., supra,* 219.) All the legatees named in the will were related to the decedent and friendly with him. Mary Douglas Clark, the residuary legatee and the main bene-

ficiary under the will was his deceased wife's sister. With the exception of the residuary legatee, Anna B. Liell, his brother's widow received the largest legacy. His regard for her is evidenced by the fact that she is named the executrix of the will. If this be a specific legacy, the executrix would not benefit unless the decedent died possessed of the bonds mentioned in paragraph " Third " of the will. Was it his desire that she receive a benefit from his estate in any event or only if the bonds remained his until his death? His intimate friendship for the executrix indicates that he desired her to receive a substantial benefit in any event and not a right contingent on the possession of certain securities. Mere possession of the bonds at the date of the execution of the will and at the date of the testator's death, is not sufficient to make a legacy specific. A specific legacy is a part of the decedent's estate which is distinguishable from all others of the same kind. (*Tifft* v. *Porter*, 8 N. Y. 516; *Matter of Delaney*, 133 App. Div. 409.) The testator divided the Schieffelin & Company bonds unequally among seven legatees, but there is no attempt by the testator to point out any particular Schieffelin bond for any legatee. A specific legacy is a gift of a particular thing. If the testator had disposed of one of these bonds in his lifetime, it would be impossible to determine which of the seven legatees had lost his legacy or part of his legacy for the language of the testator does not describe the property with sufficient particularity to segregate the bond or bonds to which each legatee would be entitled. If that event had occurred, it would be the duty of the executrix to purchase another bond so that the legacies could be satisfied in kind. (*Matter of Lendle*, 250 N. Y. 502, 505.)

In *Matter of Strasenburgh* (136 Misc. 91), where the language of the will is somewhat similar to the instant case and the legacies were held to be specific, the testator owned a majority of stock in the company, the shares of which he bequeathed in his will. It was his corporation and he alone owned a sufficient amount of stock to satisfy the legacies. It is not urged that this condition exists here. In that case and in all others that have been called to my attention and that bear upon the present question, either the legacy was given to one person or the court found an intention upon the part of the testator to make specific gifts. The courts are inclined to hold that legacies are general rather than specific because the testator usually intends to confer a benefit upon a legatee named in his will even though the precise thing may not be owned by him at his death. This presumption that the testator desires some benefit to reach the legatee should be set aside only when it can be found that the testator intended otherwise. (*Tifft*

v. *Porter, supra.*)   I hold that the legacies in paragraphs "Third," "Fourth," "Fifth," "Sixth" and "Seventh" are general legacies.

The executrix advertised for claims to be presented on or before September 2, 1930.   The legatees herein were entitled to the bonds within a reasonable time after that date.   I find that September 20, 1930, was the date upon which the legatees should have received their bonds.   The income from the date of death to September 20, 1930, is part of the residuary estate.   The legatees are entitled to interest from that date.   Settle decision and decree accordingly.