In the Matter of the Estate of EDWARD ROBITZEK, Deceased.

Surrogate's Court, Bronx County, October 29, 1935.

*Kadel, Van Kirk & Trencher* [*John Kadel* and *David Stein* of counsel], for Hazel B. Moebus, petitioner.

*Edward D. Bolton* for Kate H. Robitzek and another, respondents.

*Levy, Murphy & Stolz,* for William Robitzek, individually and as executor, respondent.

*Harry Friedman,* for Augusta Mildred Meyer, respondent.

*Goldwater & Flynn* [*Norman B. Kuklin* of counsel], for the Bronx County Trust Company, executor and trustee, respondent.

*Herbert Lowenthal,* special guardian.

HENDERSON, S. The petitioner in this proceeding is Hazel B. Moebus who seeks a construction of paragraph third, subdivision 1, of the decedent's will, which reads:

" Paragraph third: I make the following specific gifts and bequests:

" 1. To my daughter Hazel B. Moebus One Hundred Thousand ($100,000.00) Dollars, providing she survives me. If she does not survive me, said amount shall be distributed per stirpes to her lawful issue. This may be delivered to her or them in cash or securities as soon as my Executors can conveniently do so."

The petitioner urges that a preference should be given to this legacy over all the other legacies and trusts contained in the will.

The decedent was a widower. The petitioner was his daughter. She is a widow with three children and was the sole survivor of the testator's three children. The decedent and the petitioner always lived together. His wife died in 1911. The daughter married in 1915 and became a widow in 1926. Shortly after the death of the husband, a granddaughter, the child of a deceased daughter, came to live with them, although during her attendance at college she did not stay at home.

The decedent had considerable means. He owned and maintained a fourteen-room house and employed several servants. He had an automobile and a chauffeur. His daughter had complete charge of running the household. He paid all the running expenses and made a liberal allowance to his daughter to set the table, which allowance was supplemented with substantial advances of money from time to time for her personal use. She received $15,000 insurance after her husband's death. That was the only money she had except those sums which were given to her by her father. She cared for him during his last illness.

The decedent was generous to all his relatives, particularly to the widow of his deceased son and her child, and to the granddaughter above mentioned whom he sent to college.

The will devises the home to the petitioner free of all mortgages and other incumbrances, conditioned upon her survival of him. He directed that the house become part of the residuary estate if she predeceased him. In addition to the $100,000 bequest, he also left his daughter a trust fund of $300,000.

Where general legacies must abate, it is the rule that those for the support and maintenance of near and dependent relatives, not otherwise provided for, will be preferred. It is a rule of implication based upon the natural human presumption that the testator wished those whom he had assumed to maintain and support, to take precedence over those to whom he was not so strongly bound by ties of affection or duty. (*Matter of Neil*, 238 N. Y. 138, 140; *Scofield* v. *Adams*, 12 Hun, 366, 370, 371; *Matter of Smallman*, 138 Misc. 889, 909.)

It is always a question of the intent of the testator, as shown by the relationship of the parties with respect to the financial dependence of the one upon the other, and the language of the will. (*Matter of Neil, supra.*)

This petitioner was the closest relative of the testator, and the dearest in his affections. It is evident that he regarded the home which he provided as their home. That he regarded it as her home as much as his is evidenced by the devise of it to her if she survived him. If she did not survive, he looked upon it as an asset

of his estate merely. He desired that she should carry on that home in the accustomed manner, as nearly as possible, after his demise. Without provision for maintenance of it, she could not do so. That he contemplated that difficulty is shown by his direction in connection with the $100,000 bequest that " This may be delivered to her or them in cash or securities as soon as my Executors can conveniently do so," which language is found nowhere else in the will. These precatory words, standing by themselves, would create no preference, but, read in connection with the close, affectionate, dependent relationship of the petitioner with the testator and followed closely after the gift of the house, they are strongly indicative of his anxiety that the petitioner be provided with the means to continue the home as in his lifetime. (*Matter of Neil, supra; Matter of Stumpp*, 153 Misc. 92, 103.) It is urged by some of the respondents that the $300,000 trust fund which will abate with the other bequests, constitutes such other provision by the petitioner as to require a finding that the $100,000 legacy is not preferred. The words " other provisions," as used in the cases, means such provision by the testator in the will or otherwise which, in his mind, is adequate for the support and maintenance of the favored beneficiary. In the instant case the testator could not have regarded the trust fund in that light, for if the ratio of abatement was large, such fund would provide no adequate sum for the purposes of support and maintenance.

I find that the $100,000 bequest to the petitioner is a preferred legacy, and should be paid regardless of the abatement of the general legacies. Settle decree.