In the Matter of the Estate of JENNIE C. FERRIS BAKER, Deceased.

Surrogate's Court, Westchester County, October 30, 1935.

*Henry C. Adams* for Henry C. Adams and another, as executors.

*Frank S. Stevens, Jr.,* for Frank H. Baker.

*Irving B. Lydecker,* special guardian.

SLATER, S.   This is a proceeding for the construction of a will. The decedent was a resident of Mount Kisco, N. Y.   She died on January 24, 1935, leaving a last will and testament which was admitted to probate on March 26, 1935.   Those who take under her will are her husband, Frank H. Baker, and various nephews and nieces.   The will directs the payment of all her debts and funeral expenses; directs the executors to purchase and have erected all stones that are needed and are missing from her plot in Oakwood Cemetery and makes other directions for her burial; gives a legacy of $200 to the Oakwood Cemetery of Mount Kisco, N. Y., " for care & upkeep of my plot;" gives $10,000 to her executors in trust, to invest and pay the income to her husband, Frank H. Baker, *for life, with remainder* to seven named nephews and nieces, share and share alike; gives money legacies and specific gifts of personal property to various named persons; and, lastly, gives the *remainder* of her estate to named nephews and nieces.   The persons named as residuary legatees are the same persons named as remaindermen of the $10,000 trust fund.

The total legacies, including the $10,000 trust fund, amount to $21,500.   The estate consists of $8,000 in real property mortgages aggregating $9,200, a mortgage certificate for $2,000 (of doubtful value), cash amounting to about $1,700, making a total of *$20,900,*

which is subject to the payment of debts and expenses of administration On this showing, it is apparent that there will not be sufficient property to pay the legacies in full and the question of abatement arises.

The first question relates to the legacy of $200 to the Oakwood Cemetery for the care and upkeep of decedent's plot. I hold that it is a preferred legacy and must be paid in full. (*Matter of Smallman*, 138 Misc. 889; *Matter of Sharff*, 136 id. 627.)

The next question is with reference to the trust set up in paragraph fourth of the will. Paragraph fourth of the will reads as follows:

"*Fourth.* I hereby give devise and bequeath the sum of Ten thousand dollars to Henry C. Adams & Phebe E. Johnson in trust nevertheless, to hold, invest and re-invest the same and to pay the income from same to my husband Frank H. Baker for life: On my husbands death I hereby give & bequeath said Ten thousand Dollars to my nephews and nieces as follows: Phebe E. Johnson, Susie M. Van Tassel, Grace J. Stockholm, Carrie S. Phillips, Jennie G. Gilmore, Irving W. Woolsey and Arthur T. Woolsey share and share alike."

Where an estate is not sufficient to pay in full all the general legacies bequeathed by a will, in the absence of an express indication that the testator intended otherwise, the legacies abate *pro rata.* One of the exceptions to this general rule, however, is that, where the legacy is given for the support, maintenance or education of a near relative, otherwise unprovided for, it will be preferred. (*Matter of Neil*, 238 N. Y. 138.)

It is conceded that Frank H. Baker, the husband, is in infirm health and is without resources. He was not otherwise provided for. I hold that the legacy of $10,000 in trust for the husband, Frank H. Baker, is also a preferred legacy. (*Matter of Neil*, supra; *Matter of Smallman*, supra.)

Although not raised in the petition or in the briefs of counsel, the question of whether the remainder of the $10,000 trust fund is preferred, will be considered at this time. The remainder is given *to named persons* and the legacy is preferred. (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339, 344.) The legacies under paragraphs tenth, eleventh and twelfth of the will are specicfi legacies and do not abate. The remaining legacies will abate *pro rata.*

Submit decree on notice in accordance herewith.