In the Matter of the Estate of HALLIE CHAMPLIN FENTON, Deceased.

Surrogate's Court, Westchester County, June 29, 1936.

*Robert P. Smith*, for Warden H. Fenton, petitioner.

*McQuistion & Malcolm* [*Thomas J. Minturn* of counsel], for the executors and residuary legatees.

*McCloy, Romanoff & Bravman* [*Joseph F. McCloy* and *H. Herbert Romanoff* of counsel], for Charles Hendee Smith, legatee.

SLATER, S.  The petition upon the probate of the decedent's will, filed February 13, 1936, shows that the will was executed the 10th day of July, 1929.  The decedent died on December 19, 1935. During the pendency of the probate and on February 17, 1936, the husband filed a petition which sets forth the terms of the will and prays that his claim for exemption be determined and that the said will be construed in the probate proceeding.  The court admitted the will, reserving the construction and the determination of the request for a claim for exemption to be determined at a future time.  The court later heard evidence in the matter and will now proceed to decide the questions presented.

The husband is entitled to his exemption as declared in section 200 of the Surrogate's Court Act.  (*Matter of Burridge*, 261 N. Y. 225, 227; *Matter of Brown*, 153 Misc. 282.)  If the parties cannot agree upon the articles, the issue may be determined pursuant to the provisions of sections 200, 201 and 267 of the Surrogate's Court Act.  Such a proceeding will not relate to his right to the exempt property but to what part of the property " shall not be deemed " a portion of the estate.

The will gives legacies in the sum of $61,150, including the gift to the husband under the eleventh paragraph of the will which says: " If the total value of my real property *at the time of my death* shall not equal at least $100,000 over and above all mortgages and other incumbrances thereon then I give and bequeath to him the sum of

$35,000; said bequest of $35,000 shall be in lieu of all interest in my real property."

At the time of the decedent's death there was not enough personal property to pay the legacies. So, to ascertain the intent of the decedent, we must recur to the condition of her property at the time she executed the will.

The testimony taken indicates that on July 10, 1929, her entire personal property consisted of about $14,000. Here we have a clear intention to charge the legacies upon the real property. (*Matter of Mould*, 117 Misc. 1; affd., 204 App. Div. 889; affd., 236 N. Y. 582.) There are other indications of the intention of the decedent to charge the gifts upon the real property, *i. e.*, the will contains a power of sale and provides for a mingling of the real and personal property in the residuary clause, and payment of the transfer tax out of the residue, all of which harmonize with an intent to charge the real property. The purpose of the will cannot be followed without charging the legacy upon the real property. (*Carley* v. *Harper*, 219 N. Y. 295.)

The gift in the eleventh paragraph of the will of a one-quarter interest in the real property which will have a total value of $100,000 cannot be carried out, and, consequently, the substitution of the money legacy of $35,000 takes place.

The next question arises with regard to the priority or preference in the payment of the legacy to the husband. No proof was presented that any other gift or provision was made for the husband by the decedent. Consequently, the cases support preference in the payment of his legacy. The law creates for the husband of the testatrix a preference in the payment of his legacy. This principle of law is laid down in *Matter of Neil* (117 Misc. 498; affd., 238 N. Y. 138); *Matter of Smallman* (138 Misc. 889, 908, 909, and cases cited); *Matter of Day* (150 id. 691); *Matter of Gabler* (155 id. 418; affd., 242 App. Div. 797; affd., 267 N. Y. 559); *Matter of Robitzek* (157 Misc. 68).

The inception of the doctrine of preference was largely based upon the theory of legal dependence, but the courts have enlarged and created a practical application of the principle and it is the accepted rule today, based on a combination of reasons. The legacy to the husband is a preferred legacy.

Proceed accordingly.