In the Matter of the Estate of ANNA D. FREEMAN, Deceased.

Surrogate's Court, Oneida County, July 20, 1936.

*Hazard & Baker* [*F. H. Hazard* of counsel], for the estate of Anna D. Freeman, deceased.

*Schmidt & Peterson*, for Bertha A. Armstrong.

EVANS, S. This is a discovery proceeding under section 205 of the Surrogate's Court Act brought by the executor to recover possession of a bank book alleged to be the property of the estate.

The inquiry is directed to Bertha Armstrong, respondent, who is a niece of the testatrix. She filed an answer to the petition alleging ownership of the bank book in question by a gift to her by the testatrix. While one bank book is the subject-matter of this inquiry, there were, in fact, two bank books transferred to the respondent, but one book contained a credit for but a trifling amount so that the parties have stipulated that a decision by this court shall be deemed to apply to and include both bank books.

The testatrix died on January 14, 1936. The evidence shows that on January 2, 1936, the testatrix telephoned to Nellie Cummings, who resided in Buffalo, N. Y., and asked her to come to Utica and assist the testatrix. She arrived on January third and left after being in Utica for about four days. She returned in less than a week and remained here several days longer. On January fourth, according to the testimony of Mrs. Cummings, the testatrix handed her two savings account books, saying, " I want you to give them to Mrs. Armstrong for her own use, she needs them." " I want you to be sure she gets them."

Mrs. Armstrong is a resident of the village of Ilion, and she appeared at the home of the testatrix about a week later and the two books were turned over to her by Mrs. Cummings. The amount due on the larger account amounts to about $1,800. It is the contention of the respondent that this transaction amounted to a gift *causa mortis*. The burden of proof is upon the respondent to establish the gift by a fair preponderance of evidence. (*Ward* v. *New York Life Ins. Co.*, 225 N. Y. 314; *Matter of Sherman*, 227 id. 350; *McKeon* v. *Van Slycke*, 223 id. 392.)

Under the circumstances existing in this proceeding the proof must be clear, convincing and satisfactory. (*Matter of Van Alstyne*, 207 N. Y. 298.)

Although the proof must be satisfactory no greater degree of proof is required than that which must be presented to substantiate any claim. (*McKeon* v. *Van Slycke, supra; Caldwell* v. *Lucas*, 233 N. Y. 248.)

The requirements of a valid gift *causa mortis* are these:

1. The donor must be competent.

2. There must be freedom of will.

3. The gift must be complete by delivery by the donor and acceptance by the donee.

4. It must be made with a view of the donor's death from present ailment.

5. The donor must die of that ailment. (*Grymes* v. *Hone*, 49 N. Y. 17.)

There is no direct proof that challenges the good faith or integrity of this transaction; however, the courts recognize a duty to inquire into every circumstance that may have a bearing to condemn or support the direct testimony. It is a general rule that positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by a court or jury arbitrarily or capriciously. (*Lomer* v. *Meeker*, 25 N. Y. 361.)

This rule is subject to the qualification that there may be a question of fact when all witnesses are worthy of belief, and no witnesses contradict another. (*Tousey* v. *Hastings*, 194 N. Y. 79.)

A witness may be contradicted by circumstances as well as statements contrary to his own or there may be such a degree of improbability in his statements as to deprive them of credit, however positively made. (*Koehler* v. *Adler*, 78 N. Y. 287.)

The last will and testament of the testatrix bears date of March 28, 1933. By its terms she disposed of her entire estate, both real and personal, in favor of a niece, Edna L. Kenyon, of Elmhurst, N. Y., and also made her executrix of the will.

In cases involving will contests where there is an unexplained change of beneficiary or where there is the intrusion of a strange beneficiary or an unnatural disposition of property, it is one of the elements for a court to consider in weighing evidence whether or not the proof establishes some circumstances that might affect the testamentary intent of a testatrix and afford a natural and reasonable cause for the change. We have here the uncontradicted evidence that Edna L. Kenyon, the sole beneficiary of the testatrix's will, had at some time prior to the death of the testatrix been stricken with some mental ailment which fact was known to the testatrix, and that she now is an incompetent confined in some institution. The evidence is uncontradicted at least to the extent that at some time prior to the death of the testatrix, she asserted her belief that under the circumstances she would be obliged to appoint another executrix of her will. There was some effort made to elaborate this assertion to the effect that the beneficiary named should be changed as to part or the whole of the residuary estate. The evidence supports the inference that the testatrix had for some time been anticipating sudden death. She had stated in substance to a witness that she had been sleeping with her clothing on since about Christmas of 1935, and the reason she assigned was that she wanted to be fully clothed in case she died. She also stated that her uncle Jay had died suddenly. There is evidence by her physician that the testatrix for a period of about ten years had been suffering from

a heart ailment and that coupled with her advanced years, death might be reasonably expected to occur at any time.

At the time of the conversation of the testatrix with Mrs. Cummings with reference to the bank books, the testatrix also instructed her to collect her hand-painted china and pack it and deliver the same to Mrs. Armstrong, which she did.

The suggestion is made on the part of the petitioner that the testimony of Mrs. Cummings is improbable in that she lived a long distance from Utica and that neighbors who were friends of the testatrix would be more natural to be selected by the testatrix for the service alleged to have been performed by Mrs. Cummings. While it is a matter of speculation and debate, it is my own observation from experience that a woman is not likely to divulge to neighbors, no matter how friendly, facts concerning her financial affairs or facts concerning her testamentary disposition of property. While Mrs. Cummings was paid or expects to be paid for work done for the testatrix, I think the evidence establishes that she was acting more in the capacity of a longtime friend and acquaintance rather than as a domestic. She had known the testatrix for a period of more than twenty years, so that her selection does not seem to me to be strange or improbable. Mrs. Cummings was a total stranger to Mrs. Armstrong, having never seen her before her arrival in the home of the testatrix in January, 1936, on the occasion when the bank books were turned over to her. The evidence, as a whole, I think, is supported by circumstances that show a reasonable cause for a change in the testamentary scheme of disposition of property by the testatrix owing to the mental infirmity of the sole beneficiary named in the will. There is ample evidence to support the belief that the testatrix was anticipating death which in fact, did occur three days after the delivery to the respondent of the bank books. The requirements of a gift *causa mortis* have heretofore been established, as hereinbefore set forth, and I think are here present.

I hold and decide that the respondent Bertha Armstrong is the owner of the bank books, which are the subject-matter of this proceeding and that she is entitled to the money represented by them on deposit with the banks.

Decreed accordingly.