In the Matter of the Estate of AMELIA E. CAMERON, Deceased.

Surrogate's Court, New York County, November 6, 1937.

*Johnson & Thomas*, for Harding Johnson and others, as executors, etc., petitioners.

*Samuel Edelstein*, for Lillian M. Gordon.

*Robert Steel*, for the respondent Grace G. Goode.

*Edmund B. Shotwell*, for the respondent William Murray Kerr.

*Hawkins, Delafield & Longfellow*, for the respondent Norman F. Kerr.

*Walton, Bannister & Stitt*, for the respondent Helen P. Schwarzwaelder.

*Chauncey R. McPerson*, special guardian for Raymond Holdsworth and others.

*Milbank, Tweed, Hope & Webb* [*Mizell Wilson* and *William Parsons* of counsel], for the respondent Institute for the Crippled and Disabled.

*Duer, Taylor, Wright & Woods* [*Leland B. Duer* of counsel], for the respondents the Peabody Home for Aged and Indigent Women and the New York League for Hard of Hearing, Inc.

*Harrison, Elliott & Byrd* [*Hugh N. W. Ronalds* of counsel], for the respondent New York Protestant Episcopal City Mission Society.

*Jackson, Fuller, Nash & Brophy* [*Joseph Scully* of counsel], for the St. Luke's Home for Aged Women.

*Robert P. Levis*, for the Little Mothers' Aid Association.

FOLEY, S. Several questions of construction are raised in this executor's accounting.

By the first paragraph of the codicil the testatrix created a trust of $25,000 and directed the trustee to "apply the income therefrom to and for the support and maintenance of Ellen Cameron and John Cameron during their lives." On the death of the beneficiaries the remainder of the trust is given absolutely to Lillian Gordon, the trustee.

The stipulated facts establish that the beneficiaries of the trust were well advanced in years and were the nearest relatives of the testatrix. They had been supported by the testatrix for ten years prior to her death. John Cameron survived the testatrix, but is now dead.

The assets of the estate are insufficient to pay all the general legacies in full. A preference is claimed on behalf of the beneficiaries of the trust created by the first paragraph of the codicil.

It seems clear from the language of the will and the extraneous facts that the testatrix intended to prefer these income beneficiaries. The gift is for their "support and maintenance." They were the nearest relatives of the testatrix, aged and infirm and wholly

dependent on her for support. I hold, therefore, that the gift of income is entitled to preferential payment. (*Matter of Neil*, 238 N. Y. 138; *Matter of Lloyd*, 166 App. Div. 1; *Matter of Smallman*, 138 Misc. 889.)

The claim of preference made by the remainderman of this trust is without merit. Neither the language of the will nor the facts support her contention. The gift to her is not for support and maintenance, nor was she dependent on the testatrix for sustenance. Had the income beneficiaries predeceased the testatrix, her claim of preference would be obviously without foundation. I hold, therefore, that the gift of the remainder is not preferred, but on the death of the beneficiaries the remainder must abate proportionately with the other general legacies. (*Scofield* v. *Adams*, 12 Hun, 366; *Matter of Brundage*, 163 Misc. 1; *Matter of Doblin*, 138 id. 876.)

*Matter of Reynolds* (242 N. Y. 389), where the gift of both income and principal was held to be preferred, is clearly distinguishable from the present case. There the will specifically provided that the entire gift of both principal and income should be paid without abatement. No such language can be found here nor can any intent to prefer the remainderman be discovered.

The second paragraph of the codicil creates a trust of $12,000 and directs that the income be paid to the wife of a cousin of the testatrix for life and after her death to her husband for life. The remainder is given to named cousins.

The beneficiaries of the trust are residents of Australia. They received monthly remittances from the testatrix during her life, but there is no evidence that these people were dependent on the testatrix for support. The gift of income to them is not expressly for support and maintenance, as the codicil merely provides for the payment of the net income to them. In view of these facts, I hold that the gift in the second paragraph of the codicil is not preferred.

The next question of construction involves the property passing under the specific bequest in the fifth paragraph of the codicil. In accordance with the contention of the executors, I hold that the specific legatee is entitled to fifty shares of the preferred and fifteen shares of the common stock of the corporation in question.

The objections to the account raise only issues of law. No hearing thereon is necessary.

The testatrix specifically devised the major part of her productive real property. The nineteenth paragraph of the will expressly charged the general legacies on the undevised realty. The twenty-

first paragraph of the will authorized the executors to sell the undevised realty and also authorized the executors to defer the payment of the general legacies until such time as in their judgment the realty should be sold. This paragraph then provides, " in the event that payment of said legacies is deferred for more than a year from the date of my death interest thereon shall be paid to my said legatees semi-annually thereafter at the rate of six (6%) per centum per annum until the date of payment of the principal."

Since the issuance of letters in 1931 the executors have paid $5,338.12 to the support and maintenance of the preferred income beneficiaries of the trust created by the first paragraph of the codicil. Although charged to income, these payments have been made from principal as the income account shows a deficit.

The objections to these payments are overruled. This legacy was preferred, and the six per cent interest must be paid in any event. The payments already made may be credited against the amount due and to become due to Ellen Cameron.

The executors also paid $920 to the income beneficiary of the trust created by the second paragraph of the codicil. These payments were made before it was apparent that the general legacies would abate. As this legacy was not preferred, no payments should have been made before all legatees on a parity were also paid. The objection will be overruled, however, and the payments made will be allowed as a credit on the amount ultimately due the income beneficiary.

It is obvious that an adjustment between principal and income must be made on the sale of the unproductive realty. Meanwhile the estate is insufficient to pay even the six per cent interest on the general legacies. If conditions improve, income may be released to make a partial payment of the interest due. The rights of all general legatees will be fixed after the sale of the realty.

The personal claim of the executor, Harding Johnson, is allowed, and the payment thereof is approved.

Submit decree on notice construing the will and settling the account accordingly.