In the Matter of the Estate of MARY J. CONKLIN WARD, Deceased.

Surrogate's Court, Orange County, December 4, 1937.

*William T. Snider*, for Ella F. Birdsall and George A. Fowler, as executors, etc.

*George B. Overhiser*, for the remainderman.

*Augustus W. Bennett*, for the objector.

TAYLOR, S. Among other things, a construction of this will is asked. Upon the return of the citation it was orally claimed by counsel that the legacy to decedent's husband as beneficiary of a trust of the principal sum of $15,000 was preferred because of the relationship of the beneficiary to the testatrix and the fact that the beneficiary was " otherwise unprovided for," and, further, that it followed therefrom that the remainder over of the principal of this trust was likewise preferred as specific legacies, the amount of the estate being insufficient to pay all legacies in full.

It seems that the husband survived the testatrix but a comparatively short time, and as a practical matter the parties interested have stated they would raise no question as to the payment to him of the income, based upon the premise that the trust for his benefit should have been set up in full.

These statements and concessions having been made, the surrogate indicated his desire to pass upon the question of the remainders of this trust being specific legacies without taking proof of the husband's circumstances and assuming for the purpose of the decision that the legacy to him was preferred.

Diligent research on the part of counsel and the efforts of the surrogate have failed to disclose but six cases which may be said to directly touch the question. Two cases, namely, *Matter of Smallman* (138 Misc. 889) and *Matter of Baker* (157 id. 904), hold that the remainder of a trust which should be set up in full, or as nearly as might be done because of insufficiency of assets to pay all legacies in full, is a specific legacy, while four cases, viz., *Matter of Cameron* (165 Misc. 792); *Matter of Doblin* (138 id. 876); *Matter of Morris* (6 Dem. 304), and *Scofield v. Adams* (12 Hun, 366), hold that such remainders are not specific legacies.

There can be no doubt that a legacy for the support of a near relative who is otherwise unprovided for is preferred. (*Matter of Robitzek*, 157 Misc. 68; *Matter of Neil*, 238 N. Y. 138; *Scofield v. Adams*, 12 Hun, 366; *Matter of Baker*, 157 Misc. 904; *Matter of Fenton*, 160 id. 215; *Matter of Day*, 150 id. 691; *Matter of Gabler*, 155 id. 418; affd., 242 App. Div. 797; affd., 267 N. Y. 559.)

It is axiomatic that in will constructions the maker's intentions are conclusive if they can be gleaned from the four corners of the will. (*Matter of Security Trust Co.*, 221 N. Y. 213; *Matter of Brann*, 219 id. 263; *Matter of Evans*, 104 Misc. 641; *Matter of Strasenburgh*, 136 id. 91; affd., 228 App. Div. 880; affd., 255 N. Y. 549; *Matter of Liell*, 139 Misc. 513; *Matter of Hebbard*, 142 id. 41; *Matter of Baker*, 146 id. 437; *Matter of Porter*, 151 id. 179; *Davis v. Crandall*, 101 N. Y. 311; *Matter of Clarke*, 158 Misc. 830; *Matter of Barton*, 64 id. 242.)

The trust remaindermen are testatrix's sister and brothers. There are a number of money legacies to nephews and nieces, and the residuary clause is for the benefit of the sister and brothers. There is nothing in this scheme to indicate an intention that the testatrix intended to have the remainders classed as specific legacies. The fact that the sister and brothers are residuary legatees also does not so indicate, as all careful draftsmen include residuary clauses in wills.

In further pursuing the subject we are met with the presumption against specific legacies (*Matter of Bouk*, 80 Misc. 196; *Matter of Liell*, 139 id. 513; *Matter of Hebbard*, 142 id. 41; *Matter of Strasenburgh*, 136 id. 91; affd., 228 App. Div. 880; affd., 225 N. Y. 549; *Matter of Smallman*, 138 Misc. 889; *Matter of Freeman*, 139 id.

301; *Matter of Malone,* 143 id. 657; *Matter of Dewint,* 161 id. 398; *Matter of Lendle,* 250 N. Y. 502; *Tifft* v. *Porter,* 8 id. 516), and that the burden of showing that a legacy is specific, rather than general, is upon the person so alleging. (*Matter of Porter,* 151 Misc. 179; *Matter of Wenner,* 125 App. Div. 358; affd., 193 N. Y. 672; *Matter of Freeman,* 160 Misc. 133; *Matter of Sherman,* 227 N. Y. 350.)

A specific legacy was defined in *Crawford* v. *McCarthy* (159 N. Y. 514, 519) as " a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind." Like definitions may be found in *Matter of Matthews* (122 App. Div. 605); *Matter of Bouk* (80 Misc. 196); *Matter of King* (122 App. Div. 354); *Matter of Liell* (139 Misc. 513); *Matter of Barton* (64 id 242); *Matter of Corey* (133 id. 199); *Matter of Barry* (138 id. 519); *Matter of Freeman* (139 id. 301); *Matter of Brewster* (144 id. 888); *Matter of Armstrong* (160 id. 806); *Tifft* v. *Porter* (8 N. Y. 516); *Matter of Delaney* (133 App. Div. 409; affd., 196 N. Y. 530).

If we hold these trust remainders to be specific legacies we would need to carry our reasoning to the logical conclusion and characterize all legacies as specific, because it may be said, in a loose sense, that the testatrix intended each legacy to be set apart for the particular legatee, upon the familiar principle that a maker of a will intends all legacies should be fully paid. (*McManus* v. *McManus,* 179 N. Y. 338; *Morris* v. *Sickly,* 133 id. 456; *Matter of Stutzer,* 155 Misc. 301; *Matter of Tiffany,* 157 id. 873; *Matter of Jarvis,* 158 id. 255.)

Suppose, in this case, the husband had predeceased the wife, in which event the trust would never have been set up; that fund would never have been separated from the rest of the estate; it could not be distinguished from all other property, even after the testator's death. Can it be said that the testatrix's intention to prefer these remaindermen was changed by the husband's prior death? The reasoning is not sound. The intention to make the gifts specific, if there was such (and intention is the all-important element), existed at the time the will was executed, and was not altered by subsequent events. (*Matter of Lloyd,* 166 App. Div. 1; *Matter of Crouse,* 244 N. Y. 400.)

The remainders in this case could not be specific legacies because that form of bequest vests immediately in the legatee and not in the executor. (*Matter of Anable,* 139 Misc. 914; *Matter of Columbia Trust Co.,* 186 App. Div. 377; *Matter of Delaney,* 133 id. 409; affd., 196 N. Y. 530; *Matter of Utica Trust & Deposit Co.,* 148 App. Div. 525; *Matter of Tailer,* 147 id. 741; affd., 205 N. Y. 599; *Maas* v. *German Savings Bank,* 73 App. Div. 524; affd., 176 N. Y. 377; *Matter of Egan,* 89 App. Div. 565; *Matter of Strasenburgh,* 136 Misc. 91; affd., 228 App. Div. 880; affd., 255 N. Y. 549.)

In this case, so far as concerns the estate property out of which the trust in question would be set up, it vested in the executor, whose duty it was to administer it in accordance with the law, and out of it, when thus administered, to set apart the prescribed sum. Any sum of $15,000, if that sum were available in full, or partly cash and partly securities, or all securities, would have answered the purpose; the trust corpus did not answer to the requirement of a specific bequest that "the gift could not have been solved by any other property indiscriminately in the possession of the estate" (*Matter of Anable*, 139 Misc. 914, 918), nor was the bequest "distinguishable from all others of the same kind." (*Matter of Liell*, 139 Misc. 513, 515; *Tifft* v. *Porter*, 8 N. Y. 516; *Matter of Delaney*, 133 App. Div. 409; affd., 196 N. Y. 530.)

The remainders could not be specific bequests, because it is one of the infirmities of a bequest of that character that it is adeemed if the particular property is not in existence at the time of the testator's death. (*Matter of Smallman*, 138 Misc. 889; *Matter of Strasenburgh*, 136 id. 91; affd., 228 App. Div. 880; affd., 255 N. Y. 549; *Burnham* v. *Comfort*, 108 id. 535.)

The conclusion reached is that, assuming the husband was "unprovided for," the preference was for his benefit only, and that did not extend beyond the "use" of the principal fund; the remainders are general legacies, subject to abatement with other like legacies.

Settle decree on five days' notice or by consent.