In the Matter of the Accounting of GEORGIAN N. BOLLENS as Executrix of HARRY H. HICKS, Deceased.

Surrogate's Court, Bronx County, March 13, 1947.

*John J. Broderick* for executrix, petitioner.

*William R. Lonergan* for Victor Ingersoll, legatee, respondent.

HENDERSON, S. Upon this proceeding for the judicial settlement of her account, the executrix has applied for a construction of decedent's will. The court is asked to determine whether a bequest of certain shares of stock is specific or general.

The pertinent portion of decedent's will which was executed on May 18, 1933, reads as follows: " Second: * * * I do further give and bequeath unto my said friend Victor Ingersoll One Thousand Dollars ($1000.) and Two Hundred (200) shares of the capital stock of Sears, Roebuck & Company."

The testator in his lifetime had been an employee of Sears, Roebuck & Company. At the time of the execution of his will, he held in his own name, 58 shares of stock in that company, and also had a beneficial interest in 322,846 shares which were held in the name of the trustees of the Savings and Profit Sharing Pension Fund of Sears, Roebuck & Company employees. Prior to his retirement in 1940, the decedent received from this fund, a total of 376 shares. Between the date of the will and October 1, 1945, the decedent disposed of 119 shares, leaving a balance of 315 shares of Sears, Roebuck & Company stock in his hands as of the last-mentioned date.

On August 22, 1945, Sears, Roebuck & Company notified its stockholders that a special meeting of such stockholders would be held on October 1, 1945, for the purpose of acting upon a proposal to split up the stock of the company on the basis of four shares for one.

The meeting was so held and a resolution approving the proposal to split up the shares four to one was adopted. The close of business on October 1, 1945, was fixed as the record date for the determination of the stockholders entitled to the additional shares as a result of the split-up.

The decedent died on October 3, 1945. On October 22d, the stockholders were notified of the split-up, and the letter of notification contained certificates for the additional shares.

The respondent, Victor Ingersoll, contends that the legacy for his benefit is specific and that he is entitled to the 200 shares

of stock together with the inherent increase in value. He demands the delivery of 800 shares together with any dividends declared thereon since testator's death.

These contentions are overruled. The bequest of the stock to the respondent is a general legacy (*Tifft* v. *Porter*, 8 N. Y. 516; *Matter of Liell*, 139 Misc. 513).

The will of decedent is simple in form. After making the gifts to respondent in paragraph "Second", the decedent gave the residue of his estate to his sister and appointed her the executrix. No mention of the shares is made in any other portion of the document nor are they referred to elsewhere in any form.

*Matter of Martin* (252 N. Y. 582), cited by the respondent in support of his contention, is readily distinguishable. In that case, the testatrix, prior to the date of her will, had exchanged a stated number of shares of stock of a specified par value for a greater number of shares at a lesser par value. In her will she disposed of the stated number of shares and expressly identified them by specifying the greater par value. Furthermore, when the testatrix therein bequeathed " All my personal belongings  *  *  *  Including all Power Company stock not mentioned above ", she made it plain that the stock disposed of by her was stock then belonging to her.

In each of the other cases cited by the respondent the court was able to find an intent to make the gifts specific.

In the present case, the testator's will is barren of anything from which this court could gather an intention to make a specific gift of the stock.

Settle decree accordingly.